IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20026
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MELCHOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-279-1
_____

November 15, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Melchor appeals his conviction of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred in denying his motion to suppress evidence because (1) the police's warrantless search of his home was not justified by exigent circumstances, (2) the warrantless seizure of certain packages inside his home was not justified under the "plain view" doctrine or by his consent, and (3) the warrantless search of the packages was not justified by their inherently incriminating character or his consent. Melchor

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

also argues that the district court erred in increasing his base offense level by two levels, pursuant to U.S.S.G. § 2D1.1(b)(1), for possessing a firearm during a drug offense.

We have reviewed the record and the briefs of the parties and conclude that the district court did not err in denying Melchor's motion to suppress evidence. The police's warrantless search of his home was justified by exigent circumstances. See United States v. Howard, 106 F.3d 70, 76-77 (5th Cir. 1997); United States v. Rico, 51 F.3d 495, 501 (5th Cir. 1995). The police's warrantless seizure of certain packages inside his home was justified under the "plain view" doctrine. United States v. Williams, 41 F.3d 192, 196-97 (5th Cir. 1994). The police's warrantless search of the packages was justified because their contents were a foregone conclusion. See id. at 197-98.

The district court also did not err in increasing Melchor's base offense level by two levels for possessing a firearm during a drug offense. United States v. Vasquez, 161 F.3d 909, 912 (5th Cir. 1998). The judgment of the district court is

A F F I R M E D.